## MAYER v. LEXINGTON AVE. CO.

(Supreme Court, Appellate Term. December 22, 1909.)

APPEAL AND ERROR (§ 999*)—VERDICT—CONCLUSIVENESS.

 Where the jury were properly instructed, and no error was committed on the trial which would affect the verdict, it will not be disturbed on appeal; the question being purely one of fact.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3912; Dec. Dig. § 999.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Nathan Mayer against the Lexington Avenue Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

James Frank, for appellant.

Stern, Singer & Barr (E. W. Tyler and Henry B. Singer, of counsel), for respondent.

GOFF, J. Plaintiff, as assignee of a broker, sued defendant for commission. The complaint alleged that the broker, at the request of the defendant, procured for him a tenant, that his services were worth, etc., and to this the defendant interposed a general denial. On the trial it was not disputed that the broker was employed, or that he was to be paid a commission; but defendant contended that that was to be paid only when the leases were exchanged. The broker contended: That he brought the proposed tenant and defendant together; that the details of the leasing were discussed and agreed upon; that the defendant said he would draw up the leases and send them to the broker's office to be executed. He did so, and with them a letter, which said:

"After you have had Mr. Ewing (the proposed tenant) execute the lease, please return to us for exchange of agreements."

Mr. Ewing signed the lease and made out check for the first month's rent. The lease and check were taken by the broker to the defendant, who said:

"There is one thing I hope Mr. Ewing understands, and that is that he has not the use of the freight elevator on the ninth floor."

The broker said he did not believe that Mr. Ewing so understood, but he would ask him. With the defendant's assent, Mr. Ewing was "called up," and he said, "I never understood any such thing." Thereupon the defendant refused to sign the lease or accept the check. Neither the lease prepared by the defendant nor the "rules" or "diagrams" accompanying it made any mention of the preclusion of the tenant's use of the freight elevator on the ninth floor. The lease did provide that the lessor "does hereby let and rent unto the said lessee * * * the tenth floor and all that space on the ninth floor as shown on the diagram marked 'Schedule A,'" and the "rules" provided that there should be operated in the building two or more freight elevators. The questions of fact were: Was the agreement to pay commission on the broker procuring a tenant ready, able, and willing to rent the premises upon the terms and conditions fixed by the defendant, and did the broker procure such a tenant, or was the agreement to pay commission when the leases were signed and exchanged? On these questions the jury were carefully instructed in a charge to which there was no exception, and the jury found against the defendant. No error was committed in the trial of the case that would affect the verdict. It was a pure question of fact, and the finding of the jury should not be disturbed.

Judgment affirmed, with costs. All concur.